NOXUBEE COUNTY HARDWARE COMPANY *v.* CITY OF MACON.

[43 South., 304.]

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 109. *Equity. Injunctions. Persons in pari delicto. Municipalities. Contracts. Officers. Purchase of supplies.*

Under Constitution of 1890, sec. 109, providing, among other things, that no officer shall be interested in a municipal contract authorized by any board of which he is a member: —

(*a*) A contract by a municipality with one of its aldermen, although ratified by the municipal board, is prohibited, and

(*b*) An injunction against purchases by a municipality in violation of the section will not be denied because complainant, or if a corporation one of its officers, while himself an alderman, had made like sales; and

(*c*) The interest of the public, in such case, is to be considered and the principle that the law will leave persons in *pari delicto* where found does not apply.

2. *Code* 1906, § 3446.

Code 1906, § 3446, touching the subject of municipal contracts, is not retroactive.

FROM the chancery court of Noxubee county.

JAS. F. McCOOL, Chancellor.

Noxubee County Hardware Company, appellant, was the complainant in the court below; the city of Macon, appellee, was the defendant there. From a decree in defendant's favor, dissolving an injunction and dismissing the bill, the complainant appealed to the supreme court.

The Noxubee County Hardware Company, a mercantile corporation, sued out an injunction against the city of Macon, a municipality, owning and operating its electric light and water works plant, to restrain the municipality from purchasing certain articles of merchandise from one Holberg, the owner of a hardware store, a merchant of Macon, and an alderman of

the city.   The bill alleged that partiality was shown by the board of aldermen of the city toward Holberg as against complainant, and that, although different articles could have been purchased from complainant at a cheaper price than from Holberg, the board of aldermen made constant purchases of merchandise necessary for the electric light and water works plant, at much higher prices, from Alderman Holberg; and that the purchases, so made, were in violation of sec. 109 of the state constitution, which is as follows:

"No public officer or member of the legislature shall be interested, directly or indirectly, in any contract with the state or any district, county, city, or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term."

The bill further alleged that the purchases made by the municipality from Holberg were not only violative of the state constitution, but prevented competition, and by thus shutting out other merchants and not allowing complainant, which had formerly sold this class of merchandise to the city, to enter into competition for the sale of goods needed by the city, the city was forced to pay an excessive price for merchandise so purchased; and the complainant, being a taxpayer of said city, was injured thereby.

The city answered the bill, stating that the merchandise needed by it in its electric light and water plant, were purchased in the open market, and denying that exorbitant rates were paid for such articles, and it is alleged, further, that the superintendent of the electric light and water plant, in charge of the same for the city, purchased such articles of merchandise as were necessary for the plant, without being "authorized by any law passed or order made by the board," but purchased them in open market, and purchased from Holberg for the reason that the articles could be purchased at a rate of fifty

per cent to one hundred and fifty per cent cheaper than simi-
lar articles could have been purchased from the complainant,
and for the additional reason, that complainant had refused
to credit the city. The answer further averred that the Noxu-
bee. County Hardware Company's secretary, one Horton, was
also a member of the board of aldermen, and that, therefore,
complainant was estopped from bringing this suit. The tem-
porary injunction previously granted was dissolved upon mo-
tion of the defendant, and complainant taxed with a solicitor's
fee; and from this decree the appeal was taken.

The appellee sought to invoke Code 1906, § 3446, which
went into effect after the cause of action arose.

*T. W. Brame,* and *Miller & Baskin,* for appellant.

The lower court dismissed the complainant's bill on the
ground that the law should leave persons in *pari delicto* where
it found them, and that, as the secretary of the complainant
company, Horton, was a member of the board of aldermen,
the complainant was not in a position to bring this suit; com-
plainant being barred under sec. 109. of the state constitution.

We contend that the lower court's view of the law was in-
correct. The principle that the law will leave persons in *pari
delicto* where it found them, cannot be applied to the extent
that an injunction against the purchase by a city from an
alderman, in violation of state constitution, sec. 109, will be
denied, although the complainant's manager and secretary, an
alderman, had made sales to the city; the interest of the public
alone being considered. *Houston* v. *Building Association,* 80
Miss., 40, 31 South., 540, 92 Am. St. Rep., 565; *O'Connor*
v. *Ward,* 60 Miss., 1037.

Code of 1906, § 3446, can have no restrospective effect, hence·
can have no application in this case.

*George Richardson,* and *F. A. Critz,* for appellee.

The facts show that this is a controversy between the owners

of two hardware mercantile stores in Macon, one owned and conducted by appellant, the other owned and operated by Holberg; that Holberg is a member of the board of aldermen of the city, and that one Horton, another member of the board of aldermen, is also secretary and treasurer and stockholder of the appellant. The sworn answer to appellant's bill states that such goods as were purchased by the city of Macon from Holberg were purchased at a rate of from fifty to one hundred and fifty per cent cheaper than similar goods could have been purchased by the city from appellant.

When a party seeking the intervention of equity has been attempting to secure his ends by means resembling those which he seeks to enjoin, he will be denied the relief. 77 Hun (N. Y.), 215. "He who comes into a court of equity must come with clean hands."

The lower court was correct in dissolving the injunction. There is nothing in the language of sec. 109 of the state constitution to change the general rule, that the law will leave persons in *pari delicto* where it found them.

This case must be affirmed in view of Code of 1906, § 3446, to the effect that "the sale to and purchase by a city of over four thousand inhabitants of any goods, wares, merchandise or supplies, constitutes a purchase within the meaning of this section," the section further reciting that "the provisions of this section shall have no application to villages and towns."

WHITFIELD, C. J., delivered the opinion of the court.

The second ground on which the bill is based, to-wit, that the appellant was affected as a taxpayer, because the charges made by Holberg were grossly exorbitant, etc., utterly fails under the testimony.

The appellee insists, as to the first ground, which is, that Holberg, being a member of the board of aldermen of the town of Macon, is prohibited by sec. 109 of the constitution from making these sales, that Horton, who is a member of the ap-

pellant company, is also a member of the board of aldermen of the town of Macon, and, to put it shortly, that this is a mere contest between these two merchants, both members of the board of aldermen of the town of Macon, to secure the trade of the town in the hardware business, and that, as the testimony shows that Horton's concern also sold hardware, whilst Horton was a member of the board of aldermen, to the town, the appellant and the appellee are in *pari delicto,* and consequently the principle applies that the· law will leave them where it finds them, and refuse to entertain a bill filed by the appellant.   There are some things which are so well settled that it is surprising that we should have to restate them.   It is utterly immaterial, where the great paramount public policy of the state is involved in the effective administration of the constitutional provision (sec. 109), whether Holberg sold goods cheaper than Horton, or whether either or both were attempting to get a monopoly of the town's trade, or whether either or both acted in good faith in whatever sales they did make, or whether either or both sold the goods at a reasonable and fair price whilst they were aldermen of the said town, or whether both were guilty of fraud and in *parti delicto.*   As, for example, in this very case, we are not to be understood as holding that either Holberg or Horton is guilty of any other wrong than the violation of the constitution.   Section 109.   These questions are all utterly immaterial and wholly out of place, when the effort is here to have enforced a wise and salutary policy of protection for all the people by the constitution in sec. 109.   Private interests sink utterly out of sight. , The public interest is supreme in controversies like this.   These principles are so well settled that a short restatement of them is surely all that can be called for.

The state cares nothing about Holberg or Horton, or their concerns.   The state cares everything that the salutary principle of public policy embodied in this sec. 109 shall be faithfully and fearlessly carried out, so as to prevent graft of

every possible sort, and secure the honest and clean administration of municipal affairs. All this was clearly announced in *Houston* v. *Building Association,* 80 Miss., 40, 31 South., 540, 92 Am. St. Rep., 565, and in *O'Connor* v. *Ward,* 60 Miss., 1037, where we said: "The rule appealed to by the defendant, that when parties are in *pari delicto* the court will lend its aid to neither, is subject to the exception that, where public interest requires its intervention, relief will be granted, though the result may be that the property will be restored to, or a benefit derived by, a plaintiff who is in equal guilt with the defendant. In such cases the guilt of the respective parties is not considered by the court, which looks only to the higher right of the public; the guilty party to whom relief is granted being only the instrument by which the public is served." Many other authorities announcing the same well-settled doctrine are collated in the brief of the learned counsel for appellant.

The town of Macon will come by its proper rights when both these gentlemen resign as aldermen and resume their business as merchants, which, in view of the provision of sec. 109 of the constitution, we have no doubt they will promptly do. It may be that they have acted in actual ignorance of the true construction of this section. They will be without that excuse in the future. In this day of almost universal trouble in municipalities all over these United States in respect to an absolutely fair, clean, and impartial administration of municipal affairs, it is of the very last importance that a constitutional provision like the one here involved shall receive at the hands of this court a construction that will make impossible any maladministration along this line in city affairs. If Holberg and Horton desire to sell their wares to the town of Macon, the way is plain. Let them both resign and resume their business, and then their mutually patriotic desire that their home town shall be protected from monopolistic extortion will be gratified, and the good town of Macon

90 Miss.—41

get, what it ought to have, the fair sales and just prices which can only be obtained where open competition exists. The contention that the ratification of a contract is not within sec. 109 of the constitution is far too technical. It would destroy the purpose of the section.

It is only necessary to say, in regard to § 3446 of the Code of 1906, that no retrospective effect can be given to that section, and for that reason it has no application in this case. It may be very gravely questioned whether the distinction drawn in that section between cities or towns of over four thousand inhabitants is constitutional, in any event; but we decide nothing as to that in this case, since it is not necessary to decision.

*The decree is reversed, injunction reinstated, and the cause remanded, to be proceeded with in accordance with this opinion.*