CLARK *v.* CARPENTER *et al.*

(In Banc. Feb. 10, 1947. Suggestion of Error Overruled March 10, 1947.)

[29 So. (2d) 215. No. 36327.]

**W. M. Mitchell**, of Grenada, and **Stone & Stone**, of Coffeeville, for appellant.

**Cowles Horton**, of Grenada, for appellees.

**Roberds, J.,** delivered the opinion of the court.

On May 1, 1936, Dora Carpenter executed a deed of trust to J. E. Boswell, Trustee, for the use and benefit of D. B. Sayle, conveying in trust 240 acres of land in Grenada County, Mississippi.

On July 29, 1937, appellant Clark obtained a judgment in the Curcuit Court of Grenada County for the sum of $590.34, with 6% interest thereon from date, against Nancy Carpenter, Hattie Stricklin and Emma Lott. That judgment was duly enrolled. On August 8, 1938, Dora Carpenter departed this life intestate, leaving as her only heirs at law the three named parties against whom Clark had obtained his judgment, who were her children,

and also another child, Willie Carpenter. These four children inherited the foregoing land from Dora Carpenter.

On February 19, 1941, execution duly issued upon said judgment and at the sale under the execution Clark bought the interests of said heirs in the land except that of Willie Carpenter, and on April 17, 1941, the sheriff executed to Clark a deed conveying to him a three-fourths interest in said property.

On December 1, 1941, Boswell, as Trustee in the Dora Carpenter trust deed, conveyed to Willie Carpenter title to the entire property under a foreclosure of the Dora Carpenter deed of trust.

Clark filed a bill in this cause attacking the validity of the foreclosure sale under the Dora Carpenter deed of trust on the ground (1) that the notice of the sale was not properly posted at the courthouse, and (2) that the Trustee did not offer the above 80 acre tracts as an entirety but offered and sold each 80 acres as a separate tract. The respondents to that bill were Sayle and Willie Carpenter and Boswell Trustee. The respondents, in their answer, took issue upon the contentions of Clark and further set up that the land at the time it sold under the execution sale and was purchased by Clark, constituted the homestead of Nancy Carpenter, Hattie Stricklin, and Emma Lott, and therefore, was not subject to be sold under said execution.

Upon the conclusions of the evidence of the complainant the respondents made a motion that it be excluded and that the bill be dismissed. The Chancellor sustained that motion, from which action the appeal is prosecuted here by Clark.

Since we have concluded that the land was not properly offered for sale by the trustee and that for this reason the sale was void, it is not necessary for us to discuss and pass upon the sufficiency of the posting of notice of sale.

Section 111 of the Constitution of Mississippi requires all lands sold under decree of court or execution and

which comprise a single tract to "be first offered in subdivisions not exceeding one hundred and sixty acres, or one-quarter section, and then offered as an entirety, and the price bid for the latter shall control only when it shall exceed the aggregate of the bids for the same in subdivisions as aforesaid."

Section 888, Code of 1942, provides, "all lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section one hundred eleven of the constitution for the sale of lands in pursuance of a decree of court, or under execution."

Each tract in controversy was described by governmental subdivisions. Each consisted of 80 acres. The 80 in Section 27 joined the 80 in Section 28. The 80 acres located in Section 21 was about a quarter of a mile from the other two tracts. The Trustee offered each 80 separately and refused to combine one with the other. Clark and his attorney were present at the sale and requested the Trustee to offer the entire 240 acres as one unit after he had offered each 80 separately, but, if not, that he at least offer as one sale the two 80's which joined, but the Trustee refused to do either. The entire 240 acres sold to Willie Carpenter for $600.

Clark contends that the proof shows that the entire tract, including the detached 80 acres, was used as one farm in such a way as to constitute one tract for the purpose of sale under mortgage, under the rule announced in Provine v. Thornton, 92 Miss. 395, 46 So. 950. It is not necessary, however, for us to decide that question, for the reason it is clear the two adjoining 80's should have been, but were not, finally offered together, which, in this case, vitiates the entire sale, including the sale of the detached 80, for the reason there is no proof as to what that 80 brought at the sale, the trustee's deed simply reciting the lump consideration of $600, and conveying all land under one conveying clause. There is no way

to separate the elements of sale, and declare one valid and the other invalid, assuming, but not deciding, that the detached 80 did not have to be offered with the two adjoining 80's as one sale.

The wisdom of the requirement for a unit offering of all connecting land is illustrated here by the fact that there were a number of persons present, including Clark, who desired to bid on the land and they were deterred from bidding by the belief that the maner of sale rendered it invalid, and it is further shown that if the property had been offered as an entirely, or only the two adjoining 80's had been so offered, it would have brought more than twice as much as Willie Carpenter bid therefor.

The contention of appellees that the land constituted the homestead of Nancy Carpenter, Hattie Stricklin, and Emma Lott at the time it was sold to Clark under the execution is not well taken for the reason that, regardless of what the true fact might have been, these parties did not then assert, and, so far as this record shows, never have asserted any homestead claim to the land.

Reversed and remanded.