CLARK *et al. v.* CLARK.

(In Banc.   Jan. 12, 1948.)

[33 So. (2d) 293.   No. 36630.]

**Cowles Horton,** of Grenada, for appellants.

**Stone & Stone**, of Coffeeville, and **W. M. Mitchell**, of Grenada, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On the former appeal of this case, the decision of which is reported in Clark v. Carpenter, 201 Miss. 436, 29 So. (2d) 215, we reversed and remanded the cause on account of the error committed by the trial court in sustaining the motion of the defendants to exclude the evidence then offered by the complainant whereby he sought to show that the foreclosure sale in question was invalid. We were of the opinion that the evidence, which was then undisputed, was sufficient to show that the land had not been offered for sale in the manner required by law, and that the foreclosure of the deed of trust was therefore void.

On remand the trial court, without hearing further evidence, rendered a decree ordering that the deed of trust be again foreclosed upon the theory that our holding to the effect that the motion to exclude the complainant's evidence should have been overruled and our state-

ment in the opinion that the sale was void under the proof then offered by the complainant, amounted to a final adjudication in that behalf, when as a matter of fact the status of the case on remand was the same as if a peremptory instruction had been erroneously granted in favor of a defendant in a circuit court.

In the case of Partee v. Pepple et al., 197 Miss. 486, 20 So. (2d) 73, 79, where a motion was sustained to exclude the complainant's evidence and he appealed, it was stated that: "It is well established that in such case, if the motion is overruled in the circuit court, then the defendant may proceed with the introduction of his evidence. On the other hand, where such a motion in said court is erroneously sustained, and the plaintiff appeals, we would not render final judgment here, on the theory that under the proof made by the plaintiff he was entitled to recover, but would reverse the case for a new trial. Applying this rule in chancery, it follows that the instant case should likewise be reversed and remanded for a new trial."

The case must, therefore, be again reversed and remanded for a new trial when the complainant will be entitled to introduce his evidence anew, together with such additional evidence as he may desire to offer, and the defendants be allowed to meet the proof offered by the complainant by showing that the land was offered for sale in a lawful manner instead of the way it was shown to have been offered by the complainant's evidence on the former trial.

Reversed and remanded.