604 So.2d 265 (1992)
James William WALLER and Beverly J. Waller
v.
Attorney General Mike MOORE, ex rel. QUITMAN COUNTY SCHOOL DISTRICT and Mississippi Ethics Commission.
No. 90-CA-0917.
Supreme Court of Mississippi.
June 17, 1992.
Rehearing Denied August 12, 1992.
D. Ronald Musgrove, Smith & Musgrove, Batesville, for appellants.
Michael C. Moore, Atty. Gen., Larry E. Clark, Asst. Atty. Gen., Jackson, for appellees.
Before DAN M. LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:

I.
This appeal from summary judgment involves another instance of a school district entering into a contract with the wife of a school board member in violation of the prohibitions of Miss. Const. Art. IV, § 109 and Miss. Code Ann. § 25-4-105(2) (Supp. 1990).
This time board member Waller and his school teacher wife argue that the eleemosynary language of Smith v. Dorsey, 530 So.2d 5 (Miss. 1988), excuses the lawful requirement of restitution or forfeiture of the wife's salary of $18,055.00. Waller does not complain about the imposition of the civil penalties in the amount of $1,000.00 levied against him. The Attorney General argues that the language and holding in Smith I is an aberration from the clear meaning and the previous consistent application and enforcement by this Court of that constitutional provision and statute  a one time gift made only to those violators without notice of the Smith I decision.
The only issue is whether or not as a matter of law the Wallers should be required to make restitution for the salary paid. Summary judgment is affirmed because the circuit judge correctly applied the law to uncontradicted material facts. This case was ripe for summary judgment to prevent an unnecessary trial. Brown v. *266 Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983); Comment, Rule 56, M.R.C.P.

II.
The undisputed facts are: James William Waller was a member of the Quitman County Board of Education, the governing body of the school district, for the school years 1988-89 until he resigned December 31, 1988. His wife, Beverly J. Waller, was a teacher employed by the Quitman County Board of Education for the school years 1988-89 and 1989-90. In August 1989, she resigned her 1989-90 contract after the Attorney General filed this suit. She was paid $18,055.00 under her 1988-89 contract but received no salary under her 1989-90 contract prior to her resignation. The Attorney General seeks restitution or forfeiture of the wife's salary paid after the Wallers had notice of the violation. Smith I was decided first on March 16, 1988, and later the decision was modified on August 3, 1988. On April 20, 1988, Board Attorney Azki Shah sent a memo to Board members pointing out the violations, the Supreme Court decision and urged compliance. (See Appendix "A" attached).
On June 5, 1990, the circuit judge heard in chambers the arguments in this case, along with two other cases which involved the same legal question and similar facts (Spouses employed as teachers by the School Board on which their husband or wife sat as a member). In regard to this case, the circuit judge entered judgment for the State, levying a civil fine of $1,000.00 against Waller and ordering that he and his wife repay the $18,055.00, which was paid to her in salary, plus interest, to the Quitman County School Board.
The Wallers appeal raising the present issue.

III.
Miss.Const.Art. IV, § 109 provides:
No public officer or member of the legislature shall be interested, directly or indirectly, in any contract with the state, or any district, county, city, or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.
Miss. Code Ann. § 25-4-105(2) (Supp. 1990), provides, in pertinent part:
No public servant shall be interested, directly or indirectly, during the term for which he shall have been chosen, or within one (1) year after the expiration of such term, in any contract with the state, or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member.
The Wallers admit their guilt and throw themselves on the mercy of this Court relying on our refusal to impose restitution in Smith I. They argue good faith and performance of a contract as a bar to restitution. This argument overlooks the "equities" distinctive to Smith I  the pattern and practice in the public schools of our state of winking at Section 109 and 25-4-105(2) while the Board continued to contract when prohibited conflicts of interest existed. In distinguishing Smith I, we adopt the Attorney General's argument that never before had good faith, long practice or value received been recognized as a defense to Section 109 violations. Smith I did not issue a license for continued violation of Section 109. Those who violate the specific prohibitions of Section 109 are liable. Golding v. Salter, 234 Miss. 567, 107 So.2d 348 (1958); Miller v. Tucker, 142 Miss. 146, 105 So. 774 (1925); State v. Levee Commissioners, 96 Miss. 677, 51 So. 211 (1910); Noxubee County Hardware Co. v. City of Macon, 90 Miss. 636, 43 So. 304 (1907). These cases quickly dispatch the defenses of good faith and value received raised here.
Waller argues that his negative vote on hiring his wife insulated him from the violation and liabilities as Miss. Code Ann. § 19-13-39 (1972), does a member of the Board of Supervisors. There is no such provision exempting him from the prohibition of Section 109 and § 25-4-105(2). It is his interest in his wife's contract, not his *267 vote, that is prohibited. The Smith I gift was made only to the violators in that case. This Court declines to make a similar gift in this case.

IV.
Smith I is not precedent for mitigation in this case. The Wallers had prior knowledge of this Court's intention to require compliance with Section 109 and § 25-4-105(2). The circuit judge correctly applied the law and correctly imposed the prescribed penalties. The summary judgment rendered by the circuit court is, therefore, affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, PITTMAN and McRAE, JJ., concur.
DAN M. LEE, P.J., concurs in part by separate written opinion joined by HAWKINS, P.J.
BANKS, J., not participating.

APPENDIX A
LAW OFFICE OF
AZKI SHAH
266 YAZOO AVENUE
McWILLIAMS BUILDING. ROOM 610
ATTORNEY AND COUNSELOR AT LAW
CLARKSDALE MISSISSIPPI 38614
(601) 627-9268

MEMORANDUM
TO: Members of the Quitman County School Board & S.A. Wright, Superintendent of Education
FROM: Azki Shah, Schol Board Attorney
RE: Recent Supreme Court Decision:
Jimmy Smith, Daniel Jennings, et al.

vs.
Reverend James Dorsey, et al.
Case No. 58,288
DATE: April 20, 1988
Mailed to Board Member 4-21-88 B.A.W.
As you are aware, the Supreme Court issued its ruling in the above styled and numbered cause on March 16, 1988. That ruling affects the Quitman County School District as well, for there are several Board members who fit into the class as outlined by the Supreme Court in Smith, supra.
Basically, in Smith, supra, four (4) of the five (5) School Board members had spouses teaching within the school system. The Supreme Court held that those four (4) Board members violated Article 4, Section 109 of the Mississippi Constitution of 1890. Further, the Supreme Court ruled that those four (4) Board members had to resign immediately, and if they failed to resign, then the Claiborne County School Board could not pay the salaries of those four (4) Board members' spouses.
How does this decision affect the Quitman County School District? As stated earlier, there are several Board members of the Quitman County School District who have spouses teaching in the system. As such, the Quitman County School District, according to the decision rendered in Smith, supra, cannot pay the salaries of the spouses of those Board members so long as those Board members remain Board members. Otherwise, the Board must delcare the spouses' contracts null and void. In light of the above, I strongly urge those Board members affected to take immediate action to rectify this situation.
If the matter is not resolved, then what are the possible consequences? One possible consequence is that the Ethics Commission can ask for and possibly recover all monies paid by the Quitman County School District to those spouses of School Board members. In conjunction with this action, the Quitman County School Board must and can nullify the contracts of the affected spouses.
This matter is quite serious, and it should not be taken lightly for it can affect not only your "pocketbooks" but the "pocketbook" of the entire Quitman County School District. Again, I strongly urge you to seriously consider this matter and take the appropriate action to resolve it.
AS:ts
*268 DAN M. LEE, Presiding Justice, concurring:
I concur in the result only. The Wallers did not and have not raised as error in the court below, or here, the grant of summary judgment in direct violation of Miss. Code Ann. § 25-4-107(2) (Rev. 1991). Obviously, summary judgment is not preserved for appellate review in this case. See Sanford v. Jackson Mall Shopping Center, 516 So.2d 227, 230 (Miss. 1987); Weems v. American Security Insurance Company, 486 So.2d 1222, 1227 (Miss. 1986); Cooper v. Lawson, 264 So.2d 890, 891 (Miss. 1972). Therefore, the procedural posture of this case as we find it on appeal is quite different from that in Towner v. Attorney General Mike Moore, et al., 604 So.2d 1093 (Miss. 1992). Had the summary judgment issue been litigated below and raised here on appeal, I would dissent.
HAWKINS, P.J., joins this opinion.