BANKS, Justice,
concurring in part and dissenting in part:
I concur with most of the majority holding but I must dissent to its treatment of the issue of punitive damages.
I.
Southwest did not assign as error that the evidence presented at trial was insufficient to support an award of punitive damages. The only argument raised by Southwest as to the imposition of punitive damages is based on the doctrine of sovereign immunity. An issue is not ordinarily considered by this Court unless it has been raised. Weems v. American Sec. Ins. Co., 486 So.2d 1222 (Miss.1986) (an appeal brings before the Court only that which is expressly assigned as error); Brown v. Credit Center Inc., 444 So.2d 358 (Miss.1983) (neither party raised assignment of error on appeal resulting in waiver of objection by both parties). This is not the kind of issue which this Court should reach under the plain error doctrine. Adams v. Green, 474 So.2d 577 (Miss.1985) (Issue not taken up under the “plain error” doctrine because it was not assigned as error or properly briefed under our Rules).
II.
In spite of Southwest’s failure to raise an assignment of error, any challenge that suggests there was insufficient evidence to present the question of punitive damages to the jury is without merit. The trial court relied on Reserve Life Ins. Co., v. McGee, 444 So.2d 803 (Miss.1983) in determining that the question of punitive damages was for the jury to decide under proper instructions. If the trial court had found as a matter of law that Southwest had a legitimate or arguable reason for denying Lawrence’s claim, this would have been error. However, the trial court remarked that “... [tjhere does not appear to be one iota of investigation made as to the validity of the claim, and no opportunity to be heard, no due process given. Those things stated by Dr. Parks were uncontra-dicted by anyone, and yet the claim was denied.” Southwest claims that a proper unbiased investigation was conducted and that Lawrence’s claim was denied pursuant to the findings of this inquiry. Thus, a jury question was presented on the issue of punitive damages because a dispute of fact existed as to whether a reasonable investigation of the claim was conducted. National Life and Accident Ins. Co. v. Miller, 484 So.2d 329 (Miss.1985) (The issue of punitive damages was properly submitted to the jury when insurer conducted an inexcusable inadequate investigation); Bankers Life & Cos. *1273 Go. v. Crenshaw, 488 So.2d 254 (Miss.1985) (Punitive damages appropriate where insurer grossly violated its own in-house procedures for investigating a claim); Lewis v. Equity National Life Ins. Co., 637 So.2d 183 (Miss.1994) (Punitive damages instruction proper where denial of claim made without appropriate investigation).
SULLIVAN, P.J., and McRAE, J., join this Opinion.