## UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff,

v.

## KING ENTERPRISES, INC., Defendant.

### No. 3:95CV184-S-A.

United States District Court, N.D. Mississippi, Western Division.

Sept. 18, 1997.

Michael D. Greer,Greer & Pipkin, Tupelo, MS, for Plaintiff.

Gail P. Thompson, Oxford, MS, for Defendant.

## OPINION

SENTER, Chief Judge.

This cause is before the court upon the plaintiff's motion for summary judgment or, in the alternative, partial summary judgment. USF & G filed this action seeking a declaration of no further liability under a policy of insurance issued to King Enterprises, Inc., in connection with a fire loss which occurred at a dry cleaning business operated by King Enterprises, Inc. on August 4, 1995. King Enterprises filed a counter-complaint seeking compensatory and punitive damages on a breach of contract claim and a bad faith refusal to pay claim. Because the plaintiff contends that the defendant has now raised a genuine issue of material fact regarding its contractual claim, the court considers only the plaintiff's motion regarding punitive damages.

King Enterprises, Inc. operated a dry cleaning business and a retail business which rented and sold tuxedos in Coldwater, Mississippi. On August 4, 1995, a fire occurred at the defendant's business damaging the building and the contents. After King submitted a claim to USF & G, the insurance company conducted an investigation into the circumstances surrounding the fire. The independent investigation revealed that the fire was incendiary in origin, that it began in the retail side of the building, and that the cause of the fire was deliberate disbursement of a liquid accelerate. Winston King, the owner, stated that he locked and secured the building when he left at approximately 9:00 or 9:30 p.m. with two employees on the evening of the fire. King stated that he did not return until after the fire had been reported at approximately midnight. There was no sign of forced entry when the fire department arrived on the scene. Further investigation by USF & G revealed that only King and his wife had keys to the retail portion of the building, that King was in poor financial condition, and that an eye-witness, police officer Shelia McKay, saw Winston King with two other men inside the building between 10:30 and 11:00 p.m. on the night of the fire. USF & G denied King's claim.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When a proper motion for summary judgment is made, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In *Davidson v. State Farm Fire and Casualty Co.*, 641 F.Supp. 503 (N.D.Miss.1986), this court said:

It should be noted, however, that the burden is on the plaintiff to show by a preponderance of the evidence that there was no legitimate or arguable basis for the insurance carrier to deny the claim. (citation omitted.) In order to recover any damages above the policy limits, the insured must also show that the defendant has done to him "such a wrong as to impart insult, fraud, oppression or reckless disregard for [his] rights...." *Weems v. American Security Insurance Co.*, 486 So.2d 1222, 1227 (Miss.1986). Stated another way, to prevail on a claim for either punitive or extracontractual compensatory damages, the plaintiff must show, in addition to the absence of any arguable reason, that the insurer acted with malice or reckless disregard for his rights. Id.; *Aetna Casualty and Surety Co. v. Day*, 487 So.2d 830 (Miss.1986). While the presence of a legitimate or arguable reason on the part

of the insurer for denying the insured's claim will defeat a claim for punitive damages, the absence of an arguable reason does not per se establish that the insurer acted with malice or gross negligence or reckless disregard for the plaintiff's rights, since denial of the claim could be the result of an honest mistake or oversight, which would amount to ordinary and simple negligence. *Weems, supra; Aetna Casualty, supra.* The plaintiff must still establish the egregious nature of the insurer's actions to be entitled to punitive or extracontractual damages. The central inquiry in a motion for summary judgment as to the claim for punitive or extracontractual damages is whether there is proof sufficient to raise an issue of material fact regarding the extreme nature of the insurance company's conduct or whether as a matter of law the insurer is entitled to judgment on the "bad faith refusal" claim.

*Id.* at 506–07. USF & G based its denial on an independent investigation and, therefore, had an arguable reason for denying the claim. Further, King Enterprises has offered no evidence showing malice, gross negligence, or reckless disregard toward King Enterprises when USF & G denied its claim. Therefore, this court finds that USF & G is entitled to summary judgment in regard to the defendant's bad faith counter-claim.

An appropriate order shall issue.