AMERICAN RY. EXPRESS CO. v. BAILEY.*

(Division A. April 12, 1926.)

[107 So. 761. No. 25127.]

1. BANKS AND BANKING. *Pecuniary damage, if any, resulting to teacher from giving up contemplated foreign tour for educational purposes, because of defendants' failure to deliver correct amount of money cabled through their offices, held dependent on so many undeterminable contingencies as not to be basis of recovery.*

   Where teacher of history was forced to give up contemplated tour of foreign lands for pleasure and educational purposes, because of defendants' failure to deliver correct amount of money cabled through their office, *held* that the pecuniary damage, if any, resulting from being forced to discontinue his tour was purely speculative, depending on so many undeterminable contingencies that it was not a basis of recovery.

2. DAMAGES. *Generally, punitive damages are not recoverable for breach of contract, unless attended by intentional wrong, insult, abuse, or gross negligence amounting to independent tort.*

   Generally, punitive damages are not recoverable for breach of contract, unless the breach is attended by some intentional wrong in-

sult, abuse, or gross negligence which amounts to an independent tort.

3. BANKS AND BANKING. *Evidence showing negligence of company forwarding money to Shanghai, China, by failure to deliver correct amount held to negative intentional or willful wrong amounting to tort that would permit recovery of punitive damages.*

In suit against express company for refusal to deliver correct amount of money cabled to plaintiff at Shanghai, China, resulting in plaintiff's having to forego contemplated foreign tour, evidence, although showing negligence, *held* to negative any intentional or willful wrong, or gross negligence, amounting to commission of tort, so as to permit recovery of punitive damages.

*Corpus Juris-Cyc. References: Damages, 17 C. J., p. 753, n. 47; p. 976, n. 29; p. 977, n. 34, 37; p. 1042, n. 32. On recovery of punitive damages for breach of contract, see 8 R. C. L., p. 605; 2 R. C. L., Supp., 633

APPEAL from circuit court of Simpson county.

HON. R. S. HALL, Judge.

Suit by Waldo Bailey against the American Railway Express Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*T. J. Wills* and *R. L. McLaurin,* for appellant.

The express company in this instance is in identically the same *status* with the same duty and obligation with the same measure of damage, in which a banking institution would have been. In three recent cases this question has been fully considered and elaborately discussed by the New York court of appeals and the supreme courts of West Virginia and California. See *Gravenhorst* v. *Zimmerman,* 236 N. Y. 22, 139 N. E. 766; *Vincenzo* v. *Richwood Banking & Trust Co.* (W. Va.), 117 S. E. 882; *Nicolletti* v. *Bank of Los Banos* (Calif.), 214 Pac. 51. See also the same cases reported in 27 A. L. R. 1465-1488, and the annotated note on the subject at p. 1488 thereof.

The obligation of a telegraph company using its own instrumentalities for the transmission of money, while greater than that of a banking institution or of a com-

mercial agency, as the American Express Company in this case, imposes no liability for a failure to deliver the message or pay the money other than the amount of money itself and the interest thereon. See *Stansell* v. *W. U. Tel. Co.*, 107 Fed. 668, and *W. U. Tel. Co.* v. *Hall*, 287 Fed. 297.

This court held that mental suffering alone, unaccompanied by physical injury, would not support an award of damages against a telegraph company for mere neglect or failure to deliver a message promptly. *W. U. Tel. Co.* v. *Rogers*, 67 Miss. 748; *Bonelli* v. *Branciere*, 90 So. 245; *G. & S. I. R. R. Co.* v. *Beard*, 93 So. 357.

We cite in support of the proposition that the measure of damages is the money received on deposit, plus the interest thereon for the time held on deposit, the following cases: *Adams Exp. Co.* v. *Egbert*, 36 P. 360, 79 Am. Dec. 383; *Zeigler* v. *Wells Fargo Co.*, 83 Am. Dec. 87; *Altman* v. *W. U. Tel. Co.*, 84 N. Y. Supp. 54; *Johnson* v. *W. U. Tel. Co.*, 96 S. E. 36.

The contract made with the express company was a contract in interstate commerce. See section 400, Transportation Act, section 1, par. 3; *Barrett* v. *N. Y.*, 232 U. S. 14. The entry of the field of interstate commerce by Congress excludes all state laws and regulations with reference thereto. *Y. & M. V. R. R. Co.* v. *Greenwood Gro. Co.*, 227 U. S. 1.

*Longino, Hilton & Hilton,* for appellee.

Appellant's attorneys have devoted much of their brief to the question of damages for mental suffering and have quoted numerous decisions of this court to show that damage therefor is not recoverable unless attended by physical injury or pain. Appellee agrees that such, in the main, is the rule of law in Mississippi, with perhaps the exception that where the thing done is attended by acts or circumstances showing malice, insult or oppression. 65 Miss. 17.

We are of the opinion that the acts of the defendant and its agent in this case were of such character as to amount to oppression of Mr. Bailey, as shown by the proof. But we do not think that the question of mental suffering is involved.

We come now to consider whether or not the appellee suffered actual damages on account of the defendant's conduct in the matter and if so, to what extent; and whether or not the finding of the jury for the appellee was justified by the evidence given under the instruction of the court.

Even though the defendant is presumed by law to so conduct its business with its patrons as not to damage them by its carelessness or misdeeds, yet in this case the defendant's duty did not arise simply from the presumptions of law but from its own wilful acts. The defendant simply disregarded its plain duty toward the appellee in the premises. The evidence shows the defendant to have been guilty of an outrageous blunder in the matter, to the great damage of the appellee.

The defendant was guilty of gross negligence in the conduct of the matter from the time the first telegram was received in New York from the Jackson agent at 1:45 o'clock on March 8 until the transaction was finally closed in Shanghai on March 14 thereafter; hence, the instruction of the court given to plaintiff as to punitive damage was properly given.

Appellant's attorneys insist in their brief that the special damage proved in this case is too uncertain and remote to be relied on. We understand the law to be that in cases seeming to justify special damages where there is no definite rule by which to establish the same, such cases must be left to the discretion of the jury. 44 Miss. 491.

The evidence on said point was in this case submitted to the jury along with the other proof and left to its discretion in the finding of its verdict and, we think, that upon all the evidence introduced in the cause, the instructions of the court were properly given to the plaintiff,

142 Miss.—40.

that the finding of the jury thereon was proper and that the judgment of the lower court should be sustained.

Argued orally by *T. J. Wills*, for appellant, and *A. H. Longino* for appellee.

COOK, J., delivered the opinion of the court.

The appellee instituted this suit against the appellant to recover damages, both actual and punitive, and from a judgment for one thousand five hundred dollars this appeal was prosecuted.

The declaration alleges that, after the appellee had finished his college course, he chose as his life work the profession of a teacher of history, and, realizing the great educational advantages which come to a student of history from extensive travel in other countries, he began to look for opportunities which would, with his small means, enable him to visit and study in foreign lands, and thereby obtain valuable historical information; that on or about the 21st day of February, 1923, he entered the United States Consular Service in India; that the salary and traveling expenses attached to this consular service, supplemented by the money which he already had, enabled him to formulate plans for an extensive tour on his return trip from India, especially through the countries of the Orient, which would have enabled him to spend much time in studying their capitals and other places of outstanding historical significance, to his great pleasure and profit.

The declaration further charges that, on or about February 1, 1924, he resigned his position on account of ill health, and started on his contemplated tour, which was to end in the United States; that, when he reached Shanghai, China, he found he would need additional funds with which to pay the expenses of the extensive trip which he had planned; that he cabled his father, Rev. T. J. Bailey, of Jackson, Miss., from the city of Shanghai, China, to

send him by cable the sum of five hundred dollars out of funds which he then had in the hands of his father; that this cablegram was delivered to his father on the 8th day of March, 1924, and on the same day the appellee's father paid to the agent of the defendant company the five hundred dollars in American money, together with eight dollars and eighty-six cents charges thereon, with directions that the money be promptly transmitted and paid to appellee in Shanghai, China.

The declaration further charges that, after sending the said cable to his father in Jackson, Miss., the appellee called upon the agent of the defendant company in Shanghai, and explained to him that said cable had gone forward to Jackson for five hundred dollars, and that he was expecting a quick answer thereto; that he informed the said Shanghai agent of his immediate needs for said funds to enable him to make the tour which he had planned; and that it was necessary for him to receive the money before he could leave Shanghai to continue his journey; that he furnished the said agent with his Shanghai address, and informed him that he would call at the office of the defendant company both morning and evening of each day until he got returns on the said cablegram; and that the said agent promised to notify the appellee immediately upon receipt of the money or notification thereof; that he called at the office of the company twice each day until March 13, 1924, and was each time informed that the money had not arrived; that, when he called at the office on March 13, the agent informed him that the money arrived at the Shanghai office on March 11th, and had been ready for payment to him since that date; that the said agent thereupon tendered to him five hundred Mexican dollars, which were worth less than fifty cents on the dollar in American money or its equivalent; that he insisted to said agent that his cablegram called for American money; and that his father had paid to the defendant's agent at Jackson Miss., five hundred dollars in American money, and it was intended that the

appellee should be paid at Shanghai, China, five hundred dollars in American money, or its equivalent; that he fully explained to the said agent the great financial embarrassment and loss otherwise that appellee would suffer unless he received from the defendant company the sum of five hundred dollars in American money; that the said agent arbitrarily refused to settle with him in any kind of money except Mexican dollars, and, over his vigorous protest, he was compelled to accept the amount tendered him in Mexican dollars, which he exchanged for its equivalent of two hundred forty-seven dollars and twenty-two cents in American money, and, as a result, he was compelled to abandon his itinerary and return home. The declaration then charges that the refusal to pay the appellee the sum of money to which he was entitled was willful, wanton, and arbitrary, and that in so doing the appellant was guilty of gross negligence, and that as a result thereof the appellee suffered great anxiety, inconvenience, expense, and mental suffering, which entitled him to recover damages, both actual and punitive, in the sum of three thousand dollars.

To this declaration the defendant filed a plea of the general issue, and gave notice thereunder in which two hundred seventy dollars was tendered and paid in to the clerk as a perpetual tender of the amount due, with the further notice that proof would be introduced to show that on May 1, 1924, this tender of two hundred seventy dollars was made to the appellee and by him refused. Notice was also given that the delay incident to the transmission by cable of the five hundred dollars in question, and the delay in the payment of the same to the consignee in Shanghai, China, was unavoidable; that there was no intention whatever to worry, harass, or vex the appellee; that the mistake arose from a failure on the part of the consignor, at the time the contract was made, to take notice of the fact that the word "dollar" in America means American dollars, while the word "dollar" in Shanghai, China, means Mexican dollars;

that it was necessary for an exchange of cablegrams to be made before the matter could be finally straightened out, and, before the exchange of cablegrams had been made, the appellee had demanded and received under protest the five hundred dollars in Mexican money, and had gone away.

We deem it unnecessary to set out in detail the testimony offered at the trial. It will be sufficient to say that this testimony established the averments of the declaration as to the dealings between the appellee and the agent at Shanghai, China, and also established the contract to transmit the money, the delay in transmission, the refusal of the agent in Shanghai to pay the money to appellee in American money, and that the appellee, under protest, accepted settlement in Mexican money, curtailed his itinerary, and returned to the United States by a more direct route than he had contemplated.

It was also developed during the course of the trial that the contract to transmit this money was in fact with the American Express Company instead of the appellant, the American Railway Express Company, and that, although they occupied the same offices, and were represented by the same agents in Jackson, Miss., they were separate and distinct organizations; the American Express Company being engaged in the finance business, while the American Railway Express Company is engaged in the business of transportation over railroads. There was also testimony to the effect that the American Railway Express Company had no office or agent in the city of Shanghai, China. At the conclusion of the testimony, the appellant requested a peremptory instruction, and now contends that this instruction should have been granted because the suit was against the wrong company, but, in view of our conclusion that, upon the facts in evidence, the damages claimed are not recoverable, it will not be necessary to consider the very intersting arguments on the question as to whether, under the peculiar

facts here in evidence, the appellant can raise the point that the suit was against the wrong party.

Aside from the balance of the five hundred dollars which was not paid to appellee, and his expenses caused by the delay in transmitting the money, amounting in the aggregate to two hundred seventy dollars, which sum was tendered with appellant's pleas and paid into court, the damages claimed by appellee are: First, damages for being deprived of the pleasure of travel through foreign lands, and loss resulting from being deprived of the educational advantages flowing from travel and his-torical research in the countries of the Orient; and, second, punitive damages.

The very great pleasure, and the benefit in an educational way that may be derived from travel in foreign lands, and especially by one engaged in teaching his-history, are recognized by everyone, but the pecuniary damage, if any, resulting from being deprived of the opportunity so to do is purely speculative, depending upon so many changing, uncertain, and undeterminable contingencies that it cannot be made a basis of recovery.

It may be noted here that the evidence shows that, when the controversy first arose between the appellee and the agent at Shanghai, the agent offered to cable to the New York office for further instructions, if the appellee would bear the expense of the cables, amounting to about eight dollars, but the appellee refused to bear this expense. Under the facts in evidence, the appellee was under no duty to bear this expense, but the fact remains that he could have gratified his "cherished ambition" and availed himself of this "opportunity of a life-time" by the sacrifice of the small sum of eight dollars.

The only other question for decision is whether or not, under the facts, the appellee was entitled to recover punitive damages. In the execution of the contract here involved, the appellant was engaged in a purely commercial business, and the contract between the parties was simply one to promptly transmit and pay money, and this

suit is one for the breach of that contract. The general rule is that punitive damages are not recoverable for the breach of a contract, unless the breach is attended by some intentional wrong, insult, abuse, or gross negligence, which amounts to an independent tort. 8 R. C. L. 605; 17 C. J. 976; *Hood* v. *Moffett,* 69 So. 664, 109 Miss. 757, L. R. A. 1916B, 622, Ann. Cas. 1917E, 410. While the evidence in the case at bar shows negligence on the part of the forwarding company, it negatives any intentional or willful wrong, or gross negligence, which amounts to the commission of a tort.

The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellee for the two hundred seventy dollars tendered and paid into court, but taxing the appellee with the costs which have accrued since said sum was paid into court.

*Reversed and judgment here.*