**MID SOUTH COTTON GROWERS AS-SOCIATION, Plaintiff,**

**v.**

**Andrew WOODS, Defendant.**

**No. EC 74–53–S.**

United States District Court, N. D. Mississippi, E. D.

July 31, 1974.

**430**

Grady F. Tollison, Jr., Holcomb, Dunbar, Connell, Merkel & Tollison, Oxford, Miss., for plaintiff.

Charles R. Wilbanks, Corinth, Miss., for defendant.

### MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendant's motion to dismiss for lack of jurisdiction over the subject matter. Defendant contends that the matter in controversy does not exceed "the sum or value of $10,000, exclusive of interest and costs" as required by 28 U.S.C.A. § 1332(a).

A review of the file indicates that the action is based on an alleged breach of contract.

The complaint was filed May 13, 1974. There is attached to the complaint a copy of the contract said to have been entered into between plaintiff and defendant on May 10, 1973. The contract provides for the delivery by defendant to plaintiff, at the price set forth in the contract, i. e., 40¢ per pound, of all cotton produced by defendant on 65 acres of land in Alcorn County, Mississippi. The contract projects a yield of 440 pounds per acre and contains a provision binding defendant to "practice normal, good farming methods in the production and harvesting of the crop".

The complaint alleges that defendant breached the contract and did not deliver to plaintiff the cotton produced on the farm in 1973; and that the breach was intentional and deliberate.

Plaintiff seeks an order of the court directing specific performance of the contract, that is, the delivery of the cotton or its equivalent. Plaintiff seeks punitive damages for the deliberate and intentional breach of the contract.

The complaint contains an allegation that "the amount in controversy exceeds $10,000, exclusive of interest and costs" and that defendant has delivered no cotton when approximately 57 bales of cotton should have been produced on the farm and delivered to plaintiff at the contract price.

Defendant has submitted in support of the motion to dismiss the affidavit of defendant and his wife to the effect that the farm in question produced only 23 bales or 10,641 pounds of cotton in 1973; and that the cotton was sold on the open market on March 5, 1974 for 68¢ per pound, or for the aggregate sum of $7,-374.20. Defendant contends, therefore,

that the amount in controversy is not sufficient to give the court jurisdiction.

Plaintiff, responding to defendant's contention, takes the position that plaintiff is entitled to prove, if it can, that defendant breached the contract in that he produced cotton in excess of that which he claims to have sold to Lowe Cotton Company, or that, defendant failed to perform his contractual obligation to practice normal, good farming methods in the production and harvesting of the crops, and that the damages accruing to plaintiff on account of such breach was in excess of $10,000. While defendant sold his cotton to Lowe Cotton Company for 68¢ per pound, plaintiff urges that there were times after the harvesting of the crop that the market value of cotton exceeded 85¢ per pound.

If plaintiff can prove that defendant produced cotton which was not included in defendant's sale to Lowe Cotton Company or, that defendant failed to practice normal, good farming methods in the production and harvesting of the crop, plaintiff's recovery might exceed the sum of $10,000. At least the court cannot find for a legal certainty that such a recovery could not be obtained.

The amount of plaintiff's loss on 57 bales, or 28,500 pounds of lint cotton, at 45¢ per pound would amount to $12,825.

■ While plaintiff contends that it is entitled to recover punitive damages for the alleged intentional breach of the contract, such contention is not given consideration by the court in arriving at the decision to be rendered on the motion to dismiss. The rule in Mississippi seems to be that punitive damages may be recovered for the breach of contract only where the breach is attended by such gross negligence or willful wrong as to amount to an independent tort. D. L. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770 (1944); American Ry. Express Co. v. Bailey, 142 Miss. 622, 107 So. 761 (1926). The court expresses no opinion at this time on this feature of plaintiff's claim.

■■ The rule of law applicable to the present issue is stated by the United States Supreme Court in St. Paul Indemnity Co. v. Red Cab Company (1938) 303 U.S. 283, 288, 290, 58 S.Ct. 586, 590, 82 L.Ed. 845, as

The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.

*It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.* Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction. (Emphasis supplied).

See also, Miami Beach Yacht Corporation v. Ferro Corporation, 461 F.2d 770, 772 (5th Cir. 1972).

■ The court cannot find for a legal certainty that the amount in controversy is really less than the jurisdictional amount.

The motion will be overruled by an appropriate order.