341 So.2d 1321 (1977)
The LINCOLN NATIONAL LIFE INSURANCE COMPANY
v.
Ronnie CREWS.
No. 49000.
Supreme Court of Mississippi.
February 2, 1977.
Wells, Wells, Marble & Hurst, Erskine W. Wells, John E. Hughes, III, Jackson, for appellant.
Michael J. Malouf, Jackson, for appellee.
Before PATTERSON, P.J., and SMITH and LEE, JJ.
SMITH, Justice, for the Court:
The Lincoln National Life Insurance Company appeals from a judgment against it in the amount of $3,000 rendered by the Circuit Court of the First Judicial District of Hinds County in favor of Ronnie Crews.
The declaration filed by Crews sought recovery from Lincoln of $691.72 in hospital and doctors' expenses alleged to have been incurred by his wife and to have been covered under a policy of group health insurance issued by Lincoln to Crews' employer. In addition to this sum Crews also demanded punitive damages.
Crews' wife was hospitalized from February to March, 1973. The first hospital bill was submitted to Lincoln and paid. A bill from the doctor also was received and paid by Lincoln. Mrs. Crews received two bills from a second doctor and another hospital bill, totaling in all $691.72. These items were the subject of the present controversy.
*1322 Lincoln's policy lapsed May 31, 1973 (after termination of Mrs. Crews' hospitalization), for non-payment of premium. The policy provided for proof of loss with respect to claims to be submitted in 90 days. After the policy lapsed the company of its own volition extended the time an additional 90 days. Proofs of the claims in question were not submitted within the 180 day period according to Lincoln's records and no direct evidence was given on behalf of Crews that they were. According to Lincoln's records the hospital bill was submitted 237 days after loss and the doctor's bills not until 327 days had elapsed.
The trial court denied plaintiff's request for a peremptory instruction and the case was submitted to a jury upon instructions dealing with the issue of liability, vel non, of Lincoln for the items of expense referred to, and, granted over Lincoln's objection, numerous instructions dealing with the imposition of punitive damages.
Looking at the evidence most favorably to Crews, with reasonable inferences to be drawn from it favorable to him, the proof was adequate, we think, to create a question of fact for determination by the jury as to whether the circumstances were such as to justify a finding that there had been a waiver of the 180 day time limitation. We are unable to say that the verdict, as to the actual items of expense amounting to $691.72 was against the overwhelming weight of the evidence and the judgment appealed from will be affirmed in that amount.
The remainder of the verdict in the amount of $2,308.28 constitutes an award of punitive damages. There is nothing in the record capable of supporting a finding that Lincoln, in defending the suit and relying upon the provisions of the policy, acted other than in good faith. The mere fact that Lincoln rejected the claims under the provisions of its policy and defended the suit and lost does not justify imposition of punitive damages.
Punitive damages are not recoverable for breach of contract unless such breach is attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort. Progressive Casualty Co. v. Keys, 317 So.2d 396 (Miss. 1975); D.L. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770 (1944); American Railway Express Co. v. Bailey, 142 Miss. 622, 107 So. 761 (1926); Hood v. Moffett, 109 Miss. 757, 69 So. 664 (1915).
The judgment will be affirmed in the amount of $691.72. It will be reversed and judgment will be entered here for appellant as to the award of punitive damages in the amount of $2,308.28. Costs will be apportioned equally between the parties.
AFFIRMED IN PART AND REVERSED AND JUDGMENT HERE FOR APPELLANT IN PART.
PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
GILLESPIE, C.J., took no part.