487 So.2d 830 (1986)
AETNA CASUALTY & SURETY CO.
v.
Charles M. DAY.
No. 55283.
Supreme Court of Mississippi.
April 30, 1986.
*831 Cary E. Bufkin, Jim Bullock, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, for appellant.
William Waller, Sr., Waller & Waller, Arlin C. Ruthven, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
At issue in this lawsuit is the propriety of an award of punitive damages on an insurance contract claim where it is alleged an insurance company intentionally refused to pay a valid claim with reasonable promptness. Charles M. Day (hereinafter referred to as Day) sued his insurance carrier, Aetna Casualty and Surety Company, (hereinafter Aetna) for tortious breach of contract in the First Judicial District of Hinds County.[1] The jury verdict awarded Day $9,000.00 actual and $18,000.00 punitive damages, from which verdict Aetna appeals assigning as error:
(1) The verdict of the jury is contrary to the law and to the overwhelming weight of the competent evidence and evinces bias, prejudice and passion and the trial court erred in overruling defendant's motion for a directed verdict and for judgment notwithstanding the verdict, or in the alternative, defendant's motion for a new trial.
(2) The trial court erred in submitting the question of punitive damages to the jury over appellant's objection.
(3) The trial court erred in granting instructions P-1 and P-3 and in allowing the jury to award certain damages.
(4) The court erred in admitting proof of appellant's net worth and in permitting certain argument of counsel.

I.
George M. Day owned a 1976 Massey Ferguson tractor purchased in 1981 for $8,500.00. The tractor and a three axle trailer were insured to the extent of $13,500.00 under a policy from the Aetna Casualty and Surety Company. Under the policy, the tractor was insured against direct physical loss of or damage to the property caused by specific perils. Relying on this insurance policy, Day made a claim for damages to his tractor by reason of vandalism and theft. Day asserts that his former employee (1) drove the tractor without water in the engine causing the engine to burn up, (2) caused other physical damage, and (3) stole certain items belonging to Day.
After investigation of the claim, Aetna offered to pay Day for damage incurred as a result of theft in the amount of three hundred thirty-one dollars and ninety cents ($331.90). But Aetna denied that there was any damage to internal engine attributed to vandalism and claimed vandalism was not covered as a specific peril in the policy. *832 Aetna's position was that the internal damage resulted from normal wear to the engine, not vandalism or theft. This decision was communicated to Day. The adjuster, although unable to recall Day's exact response to the offer, concluded that the claim was resolved and executed a check for the damage, less the deductible amount provided in the policy. The check was never negotiated, but this suit was instituted.

II.
The threshold issue is the determination of Aetna's contractual liability. Day's claim for physical damage is based upon vandalism and theft; the policy clearly covers the peril of theft, however, theft is not defined. Day contends that theft includes damage incurred during vandalism. This Court addressed a similar argument in National Fire Insurance Co. of Hartford v. Slayden, 227 Miss. 285, 85 So.2d 916 (1956) and stated:
Where a machine or vehicle is insured against theft, without words defining the term "theft" and some unauthorized person unlawfully takes possession of such vehicle or machine for use by the unlawful taker for so long as he sees fit, and the vehicle or machine is damaged, the loss is covered by the policy and the insurer is liable therefor. Id. at 917.
Therefore, upon this principle, this Court holds that the vandalism allegation for engine damage was within the covered peril of theft under the insurance policy.

III.
The first and second assigned errors address the propriety of punitive damages in this case. To recover punitive damage from an insurer for amounts over and above policy benefits an insured must prove by a preponderance of the evidence either (1) that the insurer acted with malice or (2) that the insurer acted with gross negligence or reckless disregard for the rights of others. Weems v. American Security Ins. Co., 486 So.2d 1222 (Miss. 1986). Recently this rule has been definitively set forth in State Farm Fire and Casualty Co. v. Simpson, 477 So.2d 242 (Miss. 1985).
Simpson, supra, clearly sets forth the Mississippi law on insurance contract punitive damage claims. In Simpson, this Court reviewed its decisions on this issue. Hood v. Moffett, 109 Miss. 757, 69 So. 664 (1915) (damages for breach of contract are not recoverable unless act or omission constitutes a tort); American Ry. Express Co. v. Bailey, 142 Miss. 622, 107 So. 761 (1926) (no punitive damage award except by some intentional wrong, insult, abuse, or gross negligence amounting to independent tort); D.L. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770 (1944) (punitive damages may not be recovered for a mere contract violation); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962) (punitive damages recoverable when aggression or some coloring of insult, malice or gross negligence); Seals v. St. Regis Paper Co., 236 So.2d 388 (Miss. 1970) (punitive damages recoverable for a willful and intentional wrong); Lincoln National Life Insurance Co. v. Crews, 341 So.2d 1321 (Miss. 1977) (mere denial of claim by insurer does not justify punitive damages); Standard Life Insurance Co. of Indiana v. Veal, 354 So.2d 239 (Miss. 1978) (punitive damages are mandated by absence of an arguable reason); Blue Cross-Blue Shield of Mississippi v. Campbell, 466 So.2d 833 (Miss. 1984); Southern United Life Insurance Co. and First State Bank of Waynesboro v. Caves, 481 So.2d 764 (Miss. 1985) (failure of plaintiff to obtain summary judgment or a directed verdict on the underlying policy claim eliminates punitive damage issue); Weems v. American Security Insurance Co., 486 So.2d 1222 (Miss. 1986) (rule which permits assessment of punitive damages is the same in bad faith refusal cases as in any other case where defendant acted with malice or gross negligence or reckless disregard of others' rights).
The Simpson opinion further enunciates that "punitive damages are not mandated by the absence of an arguable reason ... because the denial of the claim could be the result of an honest mistake or oversight  *833 ordinary or simple negligence." The absence of an "arguable reason" does not necessarily establish that the insurer acted with malice or with gross negligence or reckless disregard for the insured's rights. Weems, supra.
Looking to these substantive guidelines, this Court considers the facts of this case.
The facts presented at trial are contradictory with respect to (1) the promptness in investigation and determination of claim, and (2) the reason for denial.
(1) It was George Day's contention that Aetna was dilatory in adjusting his claim for damage. At the outset, the actual date of the report of claim is disputed. Day asserts that he reported his claim on or about January 18, 1982 to his agent's office. The employee at the agent's office testified that the report to her was February 19, 1982. Day's criminal affidavit against his former employee for the theft of this equipment stated the date of the theft as February 13, 1982.
Additionally, Day's testimony is replete with assertions of numerous telephone calls to his agent's officer, the repair shop, and the adjuster in order to secure a decision about coverage for the claim.
Aetna's position, on the other hand, was that the claim investigation moved with diligence. Aetna asserted that the internal engine inspection was delayed because Day withheld permission to inspect the engine and because the repair shop failed to expedite the "break down" of the engine. Aetna also contends that this inspection could not be handled by any adjuster, but required assignment to an independent adjuster, an expert in evaluation of heavy machinery.
The policy provides that claims be paid within a sixty (60) day period of notice. Aetna's file reflected the damages were finalized on April 19, the offer communicated and accepted on April 22, and the check issued on April 23. Therefore Aetna's proof showed that the claim was processed within the time frame of the policy terms.
(2) The second point in dispute is whether there was a valid refusal to pay, or stated differently, did the insurer have an arguable reason to decline coverage.
Day's proof was that the engine was internally burned up by his former employee's malicious attempt to harm Day's equipment in retaliation for being discharged. Day's expert witness testified that this vandalism ruined the engine. Aetna's expert, on the other hand, testified that the internal damage resulted from normal wear and tear and was not the result of vandalism. Consequently, Aetna denied coverage for the engine damage, but offered payment for loss due to theft.
Day asserts that Aetna's adjuster indicated a willingness to pay the total claim until the shop repairman told him that Day had already traded his tractor and secured another one. This information, Day contends, led the adjuster to believe that Day was trying to increase his trade-in value. The adjuster denied this accusation.
At the conclusion of the plaintiff's case, the trial judge ruled upon a directed verdict requested by Aetna stating:
There is a factual question regarding the failure to pay promptly and whether or not these defendants willfully [,] and in bad faith [,] withheld payment for a valid claim.
This Court found that factual issues were present for jury determination. Miss. Const. Art. 3, § 31 (1890). When the defendant insurance company moves for a directed verdict, (Rule 50(a) Mississippi Rules of Civil Procedure), and subsequently for a judgment notwithstanding the verdict, or for a new trial, a trial judge should assess the claim under the rule of Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975). See also, City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss. 1983).
If after all proof is received, the trial judge concludes the insured is not entitled to a peremptory instruction on the liability feature of the underlying contract claim, then, the insurance company generally ought to become insulated against a punitive damage instruction as in circumstances *834 now present. See State Farm Fire and Casualty Co. v. Simpson, 477 So.2d 242, 252 (Miss. 1985); Blue Cross & Blue Shield of Mississippi v. Campbell, 466 So.2d 833, 843 (Miss. 1984).
However, this general rule is not without exception. As noted in Blue Cross, supra, "under some contrived or specious defense, an insurance carrier may be entitled to have the jury pass upon the issue of liability under the contract, yet not thereby insulate itself against a punitive damage claim based upon bad faith." 466 So.2d at 843. Likewise, in Simpson, supra, this Court noted that "in rare cases the defendant's denial of the plaintiff's allegations of bad faith leads to a sharp conflict in evidence necessitating jury resolution so that a peremptory instruction for the plaintiff is out of the question." 477 So.2d at 254. This Court does not attempt to enumerate all such extreme factual situations in which exception to the directed verdict test would apply, but here notes that such exceptions do exist.[2] In this case the evidence, in the light most favorable to Day, showed the insurer had an arguable reason to reject the claim at the time of denial and at all times subsequent thereto.
This Court notes that the trial judge in the case sub judice did not have the benefit of this Court's definitive pronouncements in Simpson. Consequently, the issue of punitive damages was erroneously submitted to the jury. On recount both a factual dispute regarding the time of notice on the claim and an arguable reason to refuse coverage are present in this case. The circumstances here presented questions of fact for the jury regarding the underlying contract claim. Because in this setting no reasonable hypothetical jury could, consistent with Paymaster, have found fraud or malice on Aetna's part, no punitive damages instruction should have been granted. The verdict on punitive damages must be reversed and rendered.

IV.
The appellant asserts the granting of two instructions was erroneous.
Plaintiff's instruction regarding whether vandalism as a covered peril under the policy is as follows:
If you find from a preponderance of the evidence that: (1) the defendant, Aetna Casualty and Surety Co. entered into a contract with the plaintiff, Charles M. Day, to provide insurance known as "contractor's equipment floater policy specified perils" to cover certain property of the plaintiff, including a 1976 Massey Ferguson tractor, and the plaintiff did perform his obligations by payment of the premiums and report of the loss under the contract; and (2) the defendant, Aetna Casualty and Surety Company failed to pay for damages caused to the tractor by vandals on or about January 18, 1982 and that such loss was covered under the terms of said policy, then your verdict shall be for the plaintiff, Charles M. Day.
The instruction is challenged as peremptory in nature as it instructs the jury that the "damages caused to the tractor by vandals on or about January 18, 1982." The date of the vandalism was in dispute, as well as the cause of the damage. This Court concludes that this instruction was not proper.
Plaintiff's other challenged instruction is as follows:
The court instructs the jury that if you find from a preponderance of the evidence in this case that the plaintiff has sustained actual damages from a breach of his insurance contract by the defendant, then the plaintiff is entitled to a verdict in an amount which will reasonably compensate the plaintiff for his loss sustained. Such damages are called compensatory or actual damages and are awarded for the purpose of making the *835 plaintiff whole again insofar as a money verdict can accomplish that purpose.
If it is your decision to give the plaintiff his actual damages, the jury is the sole judge of the amount of such damages, and you may consider in making up your award the following items:
(1) The reasonable cost of the repairs to the plaintiff's tractor and equipment caused by vandalism, theft and collision [sic], if any, as shown by the evidence in this case;
(2) The amount of net income which the plaintiff lost, if any;
(3) Any actual damages suffered by the plaintiff from mental anguish or emotional upset arising from defendant's acts or its failure to act.
This instruction is improper because damages for mental anguish and emotional upset cannot be considered in absence of finding an independent intentional tort separate from the breach of contract. Simpson, supra. Although the insurance policy expressly limits coverage to a specific amount, this is not to say that damages for breach of contract are limited to those of mere repair. In a contract action, generally a plaintiff may recover consequential damages reasonably foreseeable at the time the contract was made and established at trial, where properly pled and supported by substantial evidence. Wright v. Stevens, 445 So.2d 791 (Miss. 1984); Restatement of Contracts 2d § 351 (1979); Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Rep. 145 (1954).
This Court holds that where an insurance company contracts to insure a vehicle for damage or loss incurred by occurrence of specific perils and breaches that contract, the insured may recover from the insurer any losses proximately resulting from the breach and which the parties at the time of contracting had reason to foresee as a probable result of the breach. Such damages must be measurable in monetary terms and must be reasonably certain. Wright, 445 So.2d at 798.
On remand, for a determination of contractual damages, the jury may consider only those damages supported by reasonable probability and proof.

V.
The last assignment regarding the insurance company's net worth is rendered moot by the previous discussion. The admission of proof of the insurance company's net worth is proper in a punitive damage case. However, having determined that this is not a punitive damage case, such proof should not be admitted on retrial.

VI.
As in the Simpson analysis, the issue of contractual damages was for the jury's determination. However, the commingling of contractual, compensatory, and punitive damages, with proof of the insurance company's net worth, probably prejudicially affected the jury's award. The instructions furthered the possibility of such prejudice. A remand for retrial on the contract damage issue, consistent with this opinion, is ordered.
AWARD OF PUNITIVE DAMAGE IS REVERSED AND RENDERED; AWARD OF CONTRACTUAL DAMAGES IS REVERSED AND REMANDED FOR RETRIAL.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] The complaint alleged additionally breach of fiduciary duty, slander, and libel as grounds for damage; the trial court sustained the motion of Aetna to exclude the plaintiff's evidence as insufficient to sustain a prima facie case on slander and libel. No appeal is taken from that order.
[2] Reserve Life Ins. Co. v. McGee, 444 So.2d 803 (Miss. 1983) and Bankers Life & Cas. Co. v. Crenshaw, 483 So.2d 254 (Miss. 1985), represent two cases in which this Court found to exist an arguable reason for refusal to pay and at the same time held that the punitive damages question should be submitted to the jury.