WESTERN FIRE INSURANCE
COMPANY, Plaintiff/Counter
Defendant-Appellee,

v.

Alva Sherwood COPELAND, Insured and
Mrs. Alva Sherwood Copeland, Insured,
and United States Small Business Administration, Defendants/Counter
Claimants-Appellants.

Civ. No. S80–0236(R).

United States District Court,
S.D. Mississippi, S.D.

Jan. 9, 1987.

C.R. McRae, Pascagoula, Miss., for plaintiff/counter defendant-appellee.

Bob H. Pedersen, Watkins & Eager, Jackson, Miss., for defendants/counter claimants-appellants.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This cause is presently before this Court as the plaintiff, Western Fire Insurance Company (hereinafter referred to as "Western Fire"), has refiled its motion for summary judgment. The following facts existed without substantial controversy.

The Copelands were covered under Policy No. OC 782849, which insured the Copelands' school and day care center. Total coverage under the policy was $60,000.00. On September 12, 1979, while said policy was in full force and effect, the structure was damaged by Hurricane Frederick; windstorm damage was a peril covered by the policy.

On or about September 21, 1979, Western Fire sent an independent adjuster to examine, investigate and determine the extent of damage to insured property. After conducting inspections, that adjuster concluded that the reasonable cost of repairs as the result of the insured perils was $20,020.42. When the deductible was applied to that loss, the extent of plaintiff's liability was $19,870.42. Western Fire obtained the services of a consulting engineer from Pascagoula who inspected the premises and also found that the building could be salvaged.

The Copelands, on the other hand, contended that the building was a total loss, refused to accept any sum for the loss less than the full policy limits, and demanded payment for the total policy amount of $60,000.00. The Appellants had presented a condemnation notice from the city and a letter from a construction company offering the opinion that repair work should not be done on the building. However, Paragraph 15 of Endorsement Form No. 132-15 of its policy provided that the Company would not be liable for loss occasioned directly or indirectly by enforcement of any local or state ordinance or law regulating the construction, repair or demolition of building(s) or structure(s).

Because of this dispute as to loss, the plaintiff filed a complaint for interpleader and paid $19,870.42 into the registry of the Court on January 9, 1980. The Copelands failed to answer the complaint and Western Fire received an entry of default against the Copelands. Apparently this prompted the Copelands to finally answer the complaint on March 4, 1981. The answer included the filing of a punitive damages counterclaim.

The default judgment was set aside on March 27, 1981 as it had been entered without affording the Copelands three days notice under Rule 55. The Court found direct conflicts in testimony and denied declaratory relief.

On the day the jury trial for contractual and punitive damages was to begin, the Court granted an oral motion made by Western Fire for summary judgment on the claim for punitive damages. The case proceeded to trial where the jury assessed the damages at more than $42,000.00. The defendants appealed the district court order granting summary judgment on the punitive damages claim and the jury verdict which awarded less than the policy limits to the insured.

The United States Court of Appeals for the Fifth Circuit vacated this Court's granting of summary judgment on the defendants Copelands' claim for punitive damages in favor of the insurer, Western Fire. This

Court's entering of judgment as to the jury verdict, under the insurance policy and in the sum of $42,337.00 was affirmed by the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit held the jury verdict was supported by the evidence and the appellants' claim that it was against the overwhelming weight of the evidence was without merit. *Western Fire Ins. Co. v. Copeland, et al.*, 786 F.2d 649 (5th Cir.1986).

The Fifth Circuit found that this Court granted Western Fire's oral motion for summary judgment on the issue of damages on the first day of trial without affording the Copelands either the ten-day notice of Rule 56(c) Fed.R.Civ.P. or an opportunity to present their evidence. The Fifth Circuit has noted the strict enforcement of this opportunity to be heard. *Hanson v. Polk County Land, Inc.*, 608 F.2d 129, 131 (5th Cir.1979). The Copelands were precluded from being "given an opportunity to present every factual and legal argument available." *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir.1984) (applying Fifth Circuit cases).

The Fifth Circuit has left for the trial court to determine in the first instance whether summary judgment is proper, stating:

> On remand, Western Fire remains free to reurge its motion for summary judgment. In determining the outcome of such motion, the trial court on remand may consider the evidence admitted in the prior proceedings, as well as additional evidence. If granting such a motion in Western Fire's favor is warranted after the district court has given proper notice, the district court may reenter its prior judgment. If the district court denies the motion, the court may try separately the issue of punitive damages. *See Blue Cross & Blue Shield of Mississippi v. Campbell*, 466 So.2d 833, 843 & n. 4 (Miss.1984) (court's opinion on petition for rehearing) (suggesting that issue of punitive damages be tried separately from contractual claims).

*Western Fire Insurance Company v. Copeland*, 786 F.2d 649, 653 (5th Cir.1986).

Summary judgment is proper only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). "[I]f the movant bears the burden of proof on an issue ... he must establish beyond peradventure *all* of the essential elements of the claim or defense" in order to prevail. *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1194 (5th Cir. 1986). (original emphasis).

*Fontenot* is consistent with *Celotex Corp. v. Catrett*, 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The United States Supreme Court held in *Celotex* that, after adequate time for discovery, summary judgment is properly entered

> ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other fact immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of [the] case with respect to ... the burden of proof....

477 U.S. at ——, 106 S.Ct. at 2553, 91 L.Ed.2d at 273. *Accord, Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194, 1196 (5th Cir.1986).

The party opposing the motion for summary judgment has the burden that there exists no genuine issue of material fact. A reliance upon mere allegations of future proof in the pleadings is not enough; rather, the pleadings themselves must reveal a question of material fact. *"Specific facts"* must be set forth showing a genuine issue for trial. *Thomas v. Harris County*, 784 F.2d 648, 651 (5th Cir.1986) (emphasis in original); 56(e) Fed.R.Civ.P.

The "material facts" pertaining to a punitive damage insurance contract claim are derived from the substantive law of Mississippi. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. ——, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986).

■ A recovery of punitive damages from an insurer for amounts over the policy limits requires the insured to prove by a preponderance of the evidence either "(1) that the insurer acted with malice or (2) that the insurer acted with gross negligence or reckless disregard for the rights of others." *Aetna Casualty & Surety Co. v. Day,* 487 So.2d 830, 832 (Miss.1986) citing *Weems v. American Security Ins. Co.,* 486 So.2d 1222 (Miss.1986) and *see* Restatement (Second) of Torts § 908(2) (1979). *E.g., Mississippi Farm Bureau Mutual Insurance Company v. Todd,* 492 So.2d 919, 932 (Miss.1986); *Employers Mutual Casualty Co. v. Tompkins,* 490 So.2d 897, 902–903 (Miss.1986).

In *Weems v. American Security Insurance Company,* 486 So.2d 1222, 1226 (Miss.1986), the Court held that the substantive test for awarding punitive damages is the same in bad faith refusal cases as in any other case where punitive damages are sought, thus requiring the plaintiff to show some wilful or malicious wrong, or the gross or reckless disregard by the insurer for the rights of others. 486 So.2d at 1226–1227. *See also National Life Insurance Co. v. Miller,* 484 So.2d 329, 336 (Miss.1985); *Reserve Life Insurance Company v. McGee,* 444 So.2d 803, 808–09 (Miss.1983); *Travelers Indemnity Co. v. Wetherbee,* 368 So.2d 829, 835 (Miss. 1979).

The awarding of punitive damages should be allowed only within narrow limits since they are assessed as an example and warning to others. *Standard Life Ins. Co. of Indiana v. Veal,* 354 So.2d 239, 247 (Miss.1978). In the recent Mississippi Supreme Court case of *State Farm Fire and Casualty Co. v. Simpson,* 477 So.2d 242 (Miss.1985), the Court reviewed its previous decisions concerning punitive damages. In general, the longstanding rule in this jurisdiction is that punitive damages are not recoverable for the breach of contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort. *Simpson* citing *Lincoln Nat. Life Ins. Co. v. Crews,* 341 So.2d 1321, 1322 (Miss.1977); *Progressive Casualty Ins. Co. v. Keys,* 317 So.2d 396, 398 (Miss.1975); *Seals v. St. Regis Paper Co.,* 236 So.2d 388, 392 (Miss. 1970); *Fowler Butane Gas Co. v. Varner,* 244 Miss. 130, 150–151, 141 So.2d 226, 233 (1962); *D.L. Fair Lumber Co. v. Weems,* 196 Miss. 201, 221–22, 16 So.2d 770, 773 (1944); *American Ry. Express Co. v. Bailey,* 142 Miss. 622, 631, 107 So. 761, 763 (1926); and *Hood v. Moffett,* 109 Miss. 757, 767, 69 So. 664, 666 (1915).

■ Of course, the denial of an insurance claim does not in itself support a subsequent claim for punitive damages. If an insurance company is found to have an arguable reason in not paying a claim, punitive damages will not lie. *Blue Cross & Blue Shield of Mississippi, Inc. v. Campbell,* 466 So.2d 833, 842 (Miss.1984); *Reserve Life Ins. Co. v. McGee,* 444 So.2d 803 (Miss.1983); *Consolidated American Life Ins. Co. v. Toche,* 410 So.2d 1303 (Miss. 1982).

■ In addressing the term "arguable reason" and the actual required severity of an insurer's conduct to sustain a claim for punitive damages, the Mississippi Supreme Court in *State Farm Fire and Cas. Co. v. Simpson,* 477 So.2d 242, 250 (Miss.1985), stated:

We are of the opinion the term 'legitimate or arguable reason', although spawning much comment in our cases and in briefs and arguments of counsel, is nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort. Additionally, the very term expresses the holding of this Court establishing a distinction between ordinary torts, the product of forgetfulness, oversight, or the like; and heightened torts, which are the product

of gross, callous or wanton conduct, or, if intentional, are accompanied by fraud or deceit. *Lincoln Nat'l Life Ins. Co.,* 341 So.2d at 1322.

This is only to say that not all denied claims constitute the gross, wanton or intentional conduct essential to the creation of an independent tort for which punitive damages will lie. 'The mere fact that [an insurance company] rejected the claims under the provisions of its policy and defended the suit and lost does not justify imposition of punitive damages,' *Lincoln National Life Ins. Co. v. Crews,* 341 So.2d at 1322. *And see Blue Cross Blue Shield of Miss. v. Campbell, supra; Bellefonte Ins. Co. v. Griffin,* 358 So.2d 387 (Miss.1978).

At trial the Copelands had argued a punitive damages claim was supported by Miss. Code Annotated § 83-13-5 (1972) and the City of Pascagoula's notice of condemnation of the building. On appeal the Copelands attacked the jury verdict with these arguments. The Fifth Circuit found these attacks by the Copelands on the jury verdict to be without merit and not applicable. *Western Fire Insurance Company v. Copeland,* 786 F.2d 649, 653 (5th Cir.1986). The city's notice of condemnation of the building had stated the building was unsafe to occupy at that time.

Prior to litigation, the Copelands had only presented Western Fire with a letter from Kendall Construction Company stating it was their firm opinion that no repair work should be attempted on the building, and a condemnation notice from the City stating that the building was unsafe to occupy at that time. The record reflects that Mr. Wilson, an independent adjuster hired by Western Fire, requested the Copelands to provide him with any evidence they had that his estimate was wrong. No letters or proposals from Kendall Construction Company recommending an estimate for repair costs were provided by the Copelands to Western Fire prior to the commencement of this litigation. Moreover, the letter from the State Board of Health to the Jackson County Health Department stating the building was beyond repair and unfit for day-care center purposes was not provided to Western Fire until legal proceedings had already begun.

The Copelands now claim that punitive damages are an issue for a jury as there is a dispute over a material fact due to an inadequate investigation and improper evaluation of their fire loss. The independent adjuster, John Wilson, had hired a civil engineer, L.J. Compton, to inspect the building after he had received the letter from the Copelands with Kendall Construction Co.'s statement that no repair work should be done on the building. Wilson hired Compton to determine if the building was repairable, and while Compton found structural damage to the building, he concluded it was repairable. Although Wilson never requested Compton prepare an estimate, Compton testified at trial that he thought Wilson's estimate of $19,870.42 was approximately 25% low, and the estimate of Kendall Construction Co. dated January 4, 1980, produced at trial and in the amount of $69,775.00 was a degree high. Wilson had contacted the Copelands to present his estimate, and after being referred to their lawyer, C.R. McRae, the Proof of Loss was rejected by the Copelands as not being fair. Wilson's statement at trial was that his report to Western Fire, dated November 9, 1979, with his statement of the loss included a copy of the estimate, a letter from Mr. Pigford, which was the City of Pascagoula's condemnation letter, the letter from Kendall Construction Company dated October 1, 1979, stating the building was not repairable, a copy of Mr. Compton's report stating the building was repairable, an outline providing the building's dimensions, and Compton's statement for services rendered.

It was at this point that Western Fire referred the claim to its attorney who recommended that a declaratory action be filed and that Western Fire interplead into the Registry of the Court the amount that Western Fire believed it owed to the Copelands. This action was taken and a Com-

plaint for Declaratory Relief and Interpleader was filed on January 9, 1980.

The testimony of the witness was conflicting on whether the building was repairable, if at all, and the cost of any repairs. Frederick Gurtler of Gurtler, Hebert & Company, Inc., the firm which had as a subsidiary company Kendall Construction Company, Inc. in Mississippi in 1979, testified that the building was structurally unsound and should not be repaired. Mr. Erwin, who was in 1979 working with Kendall Construction Co., had found the building repairable at a cost of $69,775.00. Wilson had found the building repairable. The types of damages found by both sides were very similar, however, whether they were of hurricane or non-hurricane related damages differed, even between Erwin and Gurtler. This Court is of the opinion that the evidence reflects nothing more than a "legitimate pocketbook dispute" between the parties. *State Farm Mutual Automobile Insurance Co. v. Roberts*, 379 So.2d 321, 322 (Miss.1980). "Such differences of opinion [do] not rise to the level of wanton, gross or intentional conduct in the nature of an independent tort. In the absence of such conduct, a punitive damages award cannot stand." *State Farm Mutual Auto Ins. Co., supra*, at 322.

Such disputes over the amount of damages do not here amount to a dispute concerning any material fact related to a punitive damages claim. The Copelands have alleged that Western Fire's investigation was so negligent to amount to an independent tort. However, Western Fire did not deny coverage, only the amount due. The plaintiff found the building was repairable and it was the Copelands who claimed the building was not repairable until the time of litigation. The case at bar involves a situation not unlike that in *Tutor v. Ranger Insurance Company*, 804 F.2d 1395 (5th Cir.1986). In *Tutor*, a dispute arose over an amount to be paid on a log skidder. The claim had never been denied, but rather investigated, determined to be valid, and upon the valuation being disputed, payment delayed pending resolution of the issues. The Fifth Circuit further stated:

[W]e also note that the Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did not deny coverage but only disputed the amount of the claim or delayed payment ... we think that this case initially involved a reasonable inquiry into the validity of the claim and a subsequent good faith dispute of the case value of the log skidder.

*Tutor*, 804 F.2d at 1399.

Even assuming *arguendo* that an investigation is conducted negligently, an award of punitive damages is not automatically justified. *See, Bellefonte Insurance Company v. Griffin*, 358 So.2d 387 (Miss.1978). *In accord, Aetna Casualty & Surety Co. v. Day*, 487 So.2d 830 (Miss.1986). Here there is no evidence before the Court showing "that the insurer negligently failed to conduct a proper investigation that would easily adduce evidence showing its defenses to be without merit ..." *Merchants National Bank v. Southeastern Fire Insurance Company*, 751 F.2d 771, 777 (5th Cir.1985).

In deciding motions for summary judgment the Court is required to consider the record in the light most favorable to the party opposing the motion. *Marshall v. Victoria Transportation Co.*, 603 F.2d 1122, 1123 (5th Cir.1979). However, no specific or pertinent facts have been brought to the Court's attention creating a genuine issue of a material fact. Accordingly, the plaintiff's Motion for Summary Judgment shall be granted.