**James SUTTON, Plaintiff,**

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.**

**Civ. A. No. J87–0082(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 15, 1988.

James W. Craig, Byrd & Associates, Jackson, Miss., for plaintiff.

Joe W. Hobbs, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Northern Insurance Company of New York (Northern) for partial summary judgment on plaintiff's claim for punitive damages. Plaintiff James Sutton filed timely response to the motion. The court, having considered the memoranda with attachments submitted by the parties, is of the opinion that Northern's motion should be granted.

Northern was the insurer of a house owned by plaintiff at 207 Valley Street in Jackson, Mississippi. On October 19, 1986, the Jackson Fire Department responded to a fire at the insured premises which apparently originated in a ceiling heater in the bathroom. The fire was extinguished before substantial damage to the property had resulted. Later that day, the fire department was again summoned to the house because smoke was observed emanating from the attic. The fire department determined that the smoke was from the earlier fire and had been trapped in the attic. The department was called to the premises for a third time later that day, this time to combat a major fire which resulted in substantial damage to the property.

Northern subsequently engaged an independent investigator to conduct a "cause and origin" investigation of the fire. The investigator concluded that there had been two separate fires, the second of which was incendiary in origin and which had probably been set by plaintiff. Based on this investigation report and an investigation into plaintiff's financial status, Northern denied Sutton's claim under the fire insurance policy. Plaintiff brought this action to recover policy proceeds as well as punitive damages for what he claims was Northern's "bad faith" refusal to pay the claim. Northern asserts that the findings of the investigation gave it an arguable reason to deny the claim, thereby insulating Northern from liability for punitive damages for failure to pay the claim. *See Aetna Casualty & Surety Co. v. Day*, 487 So.2d 830, 834 (Miss.1986); *State Farm Fire & Casualty Co. v. Simpson*, 477 So. 2d 242, 253 (Miss.1985).

■ An arguable reason to deny a fire damage claim exists where the insurance company, at the time it denies the claim, knows of substantial facts supporting an arson defense. *American Manufacturers Mutual Insurance Co. v. Cupstid*, 673 F.Supp. 186, 188 (S.D.Miss.1987). An insurer can prevail on an arson defense if it

can show: (1) incendiary origin of the fire; (2) motive on the part of the insured to burn the property; (3) opportunity of the insured or his agent to burn the property. *See Vicksburg Furniture Manufacturing, Ltd. v. Aetna Casualty & Surety Co.,* 625 F.2d 1167, 1172 (5th Cir.1980).

■ In the case at bar, the independent investigator engaged by Northern discovered evidence suggesting that the fire was of incendiary origin and in fact concluded that the fire had been set intentionally. Northern was entitled to rely on this conclusion as to incendiary origin.[1] As to opportunity, Northern discovered that only Sutton and his tenant had keys to the house, that when the fire fighters arrived, both doors were locked and had to be kicked in, and that there were bars on the windows of the house. Also, Sutton did not offer Northern any proof, other than his own assertion, of his presence elsewhere at the time of the fire's genesis. The presence of bars on the windows and the fact that the doors to the house were locked tends to negate the possibility that some other person entered the house and set the fire.[2]

■ This evidence of incendiary origin and opportunity, when combined with evidence tending to show that plaintiff was experiencing financial difficulty at the time of the fire, and thus had a motive to burn the house, gave Northern an arguable reason to deny the claim based on the possibility of arson by the insured. While the evidence of financial difficulty was not particularly compelling, the court is of the opinion that it was sufficient to avoid an inference that Northern acted in bad faith in attributing to the plaintiff a motive for arson. The evidence cited by Northern as establishing a motive for arson included the fact that, although plaintiff had a savings account and certificates of deposit, these funds were pledged as security for loans, and that, although the savings account contained almost $2400, only about $100 was available, the balance being "in float" and that, in any event, the account was pledged as security. In addition, Northern discovered that plaintiff had had fifteen checks returned for insufficient funds during the previous year. Furthermore, the investigation did not reveal that Sutton had a job, although the report suggested the possibility that he had some unknown part-time employment. Sutton had told Northern that he was employed at

---

1. In *Sharpe v. Employers Mutual Casualty Co.,* 808 F.2d 1110 (5th Cir.1987), the court of appeals affirmed the granting of a judgment n.o.v. for the insurer on the issue of punitive damages where the company had relied on the opinion of an independent claims adjuster in making its decision to deny the claim. Of course, the fact that an insurer can point to the report of an independent investigator would not insulate the insurer from liability for punitive damages if there had been collusion between the insurer and the "independent" investigator, or if the investigator, without the knowledge of the insurance company, intentionally made a false report (since under section 83–17–1 of the Mississippi Code the investigator would be an agent of the insurance company and his knowledge of the falsity of the report, and hence the absence of an arguable reason to deny, would be imputed to the insurance company). Plaintiff in this case appears to assert that the credibility of the investigator is indeed at issue, and that thus summary judgment is precluded. Plaintiff, however, has presented no evidence from which an inference of mendacity by the investigator can properly be drawn. The fact that the fire department failed to make a determination that the second fire was the result of arson but instead listed the cause of the fire as "undetermined" is not sufficient, since, according to the investigator, a fire department official stated that the investigation had been merely cursory. Plaintiff has submitted no affidavit controverting the assertion that an official of the fire department made such a statement. Furthermore, there is no controverting of the investigator's statement as to the physical evidence present in the house which indicated arson. Plaintiff's assertion that he can present an expert opinion that the fire was not of incendiary origin is of no consequence, since the mere existence of a difference of opinion as to causation would neither support an inference of Northern's investigator's dishonesty nor establish that Northern's reliance on its investigator's conclusions was unreasonable. Absent stronger evidence that the investigator hired by Northern was not only wrong but deliberately misstated facts or conclusions, a credibility issue does not arise.

2. The fact that the tenant also had a key means that she, as well as plaintiff, had opportunity. However, the insurance company could reasonably conclude that she had no motive to burn the property since her possessions on the premises were uninsured.

Packard Electric Company in Clinton, Mississippi at the time of the fire; however, Packard's records indicated that Sutton was no longer employed there and had last worked for the company several months before. According to the deposition testimony of Northern's corporate representative, Northern determined that Sutton had expenses of approximately $1200 per month and income of approximately $770 per month.[3] There was other evidence which did not indicate financial problems, such as statements that plaintiff's monthly obligations had been stable over the past several years and that there were no liens, judgments or garnishments against Sutton or his property and no bankruptcy filing by him. In addition, plaintiff had $539 in his checking account. Nevertheless, it is the court's opinion that Northern had an arguable reason to conclude that plaintiff's financial situation was sufficiently poor to give him a motive to commit arson.[4]

Sutton also contests Northern's alternative bases for denying the claim—that Sutton made concealments and misrepresentations of material facts in connection with the claim and submitted a false proof of loss in connection with the claim. Because the court has concluded that Northern had an arguable reason for denying the claim because of the possibility of arson by the insured, it is not necessary for the court to address the issue of whether Northern had an arguable basis to deny the claim on these other grounds, and the court declines to do so.

For the reasons set forth herein, the court is of the opinion that defendant's motion for partial summary judgment on the issue of punitive damages should be sustained. Accordingly, it is ordered that the motion of defendant Northern Insurance Company for partial summary judgment is granted.

---

**3.** Although the Equifax reports submitted to the court in conjunction with this motion did not contain that information, one report did refer to attachments outlining monthly mortgage payments on the property at 207 Valley Street and noted that there was a mortgage on another house owned by Sutton, although specific mortgage payment information on that loan had not been obtained. In any event, plaintiff submitted no affidavit controverting the testimony of Northern's corporate representative as to his monthly income/expenses situation.

**4.** In any event, the court is of the opinion that evidence of financial misfortune or other motive to commit arson is not always an indispensable element in an arson defense. Such a defense could still be maintained even absent evidence of motive if there were, for example, direct evidence, such as an eyewitness to the arson who identified the insured as the perpetrator. An insurer could also make out an arson defense where proof of financial difficulty was lacking if it established not merely the insured's opportunity but also the exclusivity of that opportunity. For example, the arson defense could be established if it were shown that only the insured could have had access to the premises at the time of the fire. The same would be true where, as here, it can be shown that only the insured and another person had opportunity and the other person not only had no demonstrable motive to commit arson but rather had a strong motive not to burn the premises. Accordingly, even if the proof of Sutton's financial difficulties were deemed to be insufficient to suggest a motive to commit arson, Northern nonetheless would have had an arguable reason to deny the claim.